ROBERT F. KANE (CSB No. 71407)
LAW OFFICES OF ROBERT KANE
870 Market Street, Suite 1128
San Francisco California. 94102
Tel: (415) 982-1510; Fax: (415) 982-5821
Rkane1089@aol.com

SHIRLEY HOCHHAUSEN (CSB No. 145619)
COMMUNITY LEGAL SERVICES IN
EAST PALO ALTO
2117-B University Avenue
East Palo Alto, CA 94303
Tel:  (650) 326-6440; Fax:(650) 326-9722
S_Hochhausen@hotmail.com

Attorneys for Plaintiffs
RAFAEL CACHO VEGA and
MIGUEL CACHO VEGA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL CACHO VEGA and MIGUEL CACHO VEGA, <br><br> Plaintiffs, <br><br> v. <br><br> DOWNEY SAVINGS AND LOAN, ABSOLUTE INVESTMENT GROUP dba PALACIO MORTGAGE, LINDA TRAN, PABLO CURIEL, FORECLOSURE CONSULTANTS, INC. and DOES 1 - 100, inclusive <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br> **VIOLATION OF THE FHA** <br> **42 U.S.C. § 3605** <br> **VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT 15 U.S.C. § 1691** <br> **VIOLATION OF CALIFORNIA CIVIL CODE §1632** <br> **VIOLATION OF THE UNRUH ACT** <br> **CALIFORNIA CIVIL CODE 51;** <br> **VIOLATIONS OF TILA (15 U.S.C. § 1601);** <br> **VIOLATIONS OF RESPA (12 U.S.C. § 2602);** <br> **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE § 17200);** <br> **BREACH OF FIDUCIARY DUTY;** <br> **NEGLIGENCE;** <br> **FRAUD AND DECEIT** <br> **DECLARATORY RELIEF** <br> **SEEKING PRELIMINARY AND PERMANENT INJUNCTION, RESCISSION, RESTITUTION, DAMAGES, PUNITIVE DAMAGES, AND ATTORNEY'S FEES** <br> **JURY TRIAL DEMANDED** |

COMPLAINT

## INTRODUCTION

1.    Plaintiffs Rafael Cacho Vega ("Rafael") and Miguel Cacho Vega ("Miguel" or collectively "Plaintiffs") are individuals who are brothers. They are of Latin descent, have limited English language proficiency and are illiterate in English. Miguel and his family live in a home located at 1247 Camellia Drive, East Palo Alto, California ("the Property").

2.    Due to the conduct of the defendants, Plaintiffs were tricked into changing title on the Property and tricked into obtaining two mortgages on the Property, one for $506,250.00 payable to Downey Savings & Loan ("Downey") and one for $75,500 payable to Pablo Curiel ("Curiel"). Both loans ("Loans") were in the name of Rafael only. Despite the fact that defendant mortgage brokers, Absolute Investment Group dba Palacio Mortgage ("Palacio") and Linda Tran ("Tran"), knew that Plaintiffs were illiterate in English and had negotiated the loan transactions entirely in the Spanish language, they provided no translator and no Spanish language loan documents and provided no Spanish language disclosures. The documents Plaintiffs were asked to sign were unintelligible to the Plaintiffs as they were in the English language only and Plaintiff's are functionally illiterate in English

3.    Due to the fraudulent, deceptive and negligent acts and practices of the defendants, and each of them, that are the subject of this complaint, Plaintiffs face foreclosure, the loss of the Property, income tax implications and financial ruin.

4.    Plaintiffs seek to stop Defendants and each of them, from going forward with a foreclosure sale of this home and to recover recessionary damages, costs, fees and interest that they paid for the exploitive and illegal home loans.

5.    Plaintiffs are informed and believe and on that basis allege that at all times relevant to this complaint, Downey was engaged in the sub-prime home mortgage lending business and engaged in acts and practices that targeted financially unsophisticated and minority

2

customers. These acts and practices include; deceptive promises about the home mortgage loans, packing mortgages with hidden rates and fees, kickbacks, making loans based on the value of the property rather than the income of the borrower, making loans that it knew or should have known could not be repaid by low income borrowers and marketing their loans through brokers whom it knew or should have known misrepresent financial facts in applications, negotiate in Spanish and fail to deliver statutorily mandated disclosures to borrowers, including mandated translations into the Spanish language.

6.    Plaintiffs are informed and believe and on that basis allege that Defendants, and each of them, were or should have been aware that Plaintiffs were non-English speaking and were not provided with the required documents and disclosures mandated by federal and sate law.

7.    The Loans are presently in default. Plaintiffs rescinded the Loans by letter dated July 2006, which rescission has been rejected by Downey and Curial. Downey has proceeded to hire Foreclsoure Consultants ("FC") to foreclose on the property. A foreclosure sale of the Property, which is Miguel's home, may be scheduled at any time.

## JURISDICTION AND VENUE

8.    This Court has personal jurisdiction over the Defendants named herein because a substantial portion of the wrongdoing alleged in this complaint took place in the Northern District of California, and the defendants are authorized to and regularly do business in the Northern District of California

9.    This is an action for violations of the Real Estate Settlement and Procedures Act ("RESPA") [12 U.S.C. §2602] and the Truth in Lending Act ("TILA") [15 U.S.C. §1639]. Plaintiffs further invoke the pendent jurisdiction of this Court to consider claims arising under state law. Jurisdiction is thus founded on 28 U.S.C. sections 1331 and 1367.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b)

3

COMPLAINT

because a substantial portion of the events and omissions giving rise to this complaint occurred within the Northern District of California. The loan contracts between Plaintiffs and defendants were made and to be performed, and the obligations arose in the Northern District of California. The Court has jurisdiction pursuant to 28 U.S.C. sections 1367 of the claims asserted by Plaintiff's under the Laws of California.

## PARTIES

11.    Plaintiffs are informed and believe and on that basis allege that defendant Downey is a federally chartered financial institution with over $15 billion in assets and is a banking institution admitted and licensed to do business in California. Downey is the holder of the first mortgage on the Property.

12.    Plaintiffs are informed and believe and on that basis allege that defendant Palacio is a California corporation admitted and licensed to broker mortgage loans under license number 01481907 issued by the California Department of Real Estate with a principal place of business in San Jose, California, and doing business in San Mateo County.

13.    Plaintiffs are informed and believe and on that basis allege that defendant Tran was at all relevant times an employee of Palacio and a loan sales person operating under the license and supervision of Palacio.

14.    Plaintiffs are informed and believe and on that basis allege that FC is a business entity whose form is unknown, specializes in real estate services including foreclosures.

15.    Plaintiffs are informed and believe and on that basis allege that Pablo Curiel (Curiel") is an individual and the holder of a second mortgage on the Property

16.    The true names and capacities, whether individual, corporate or otherwise, of Defendants named in this action as Does 1-100, inclusive, are unknown to Plaintiffs who therefore sues said defendants by such fictitious names. Plaintiffs are informed and believe and

4

COMPLAINT

on that basis allege that each of the fictitiously named Defendants is in some manner legally responsible for the events and damages Plaintiffs allege in this complaint, contributed to the wrongs and damages herein alleged, or claim a legal or equitable right, title, stake, lien or interest in the property which is the subject of this action. Plaintiffs will amend this complaint to allege the true names and capacities of the fictitiously named Defendants when they have been ascertained.

17.     Plaintiffs are informed and believe and on that basis allege that each Defendant was the agent and/or employee and /or principal of each of the remaining Defendants, and in doing the acts herein alleged, were acting within the course and scope of such agency and employment, and/or with the knowledge, consent, or authority of each of the remaining Defendants and/or with knowledge of their acts and/or wrongdoing. By virtue of the foregoing, each Defendant had knowledge and/or constructive notice of, and/or authorized and consented to the acts of each of the other Defendants, and/or ratified the wrongful acts of each of the other Defendants, as herein alleged, by among other things, retaining and sharing in the benefits of such acts.

18.     Plaintiffs are informed and believe and on that basis allege that Defendants, and each of them, knowingly and willfully entered into an agreement or agreements and/or conspiracy or conspiracies with the other Defendants to do some or all of the acts herein alleged and/or aided and abetted the other Defendants.

19.     Plaintiffs are informed and believe and on that basis allege that the Defendants, and each of them, negligently employed and retained employees and/or agents and failed to properly supervise, train, direct and/or control their actions.

20.     Plaintiffs are informed and believe and on that basis allege that there existed a unity of interest and ownership between certain Defendants who are business entities, other than

5

Downey, and certain other Defendants such that any individuality and separateness between said or any of those Defendants have ceased and Defendants are the alter egos of the other Defendants. Adherence to the fiction of the separate existence of any defendant would permit an abuse of the corporate privilege and would sanction fraud or promote injustice.

## GENERAL FACTUAL ALLEGATIONS

21.   Plaintiffs reallege and reincorporate by this reference the preceding allegations of the Complaint as set forth herein in full.

22.   Plaintiff Miguel is the father of six children, ranging in age from two to twenty-one years old. He and his wife have a family income of $3,000 per month and have resided at the Property since they purchased the home in 2004.

23.   In the Fall of 2005, Miguel sought the assistance of a mortgage broker to refinance his home in order to pay off his credit card debt in the approximate amount of $20,000. He also wished to remove a co-borrower, Raul Torres ("Torres"), from both the title and the mortgage on the Property. Miguel contacted Tran and Palacio, with whom he dealt before, to accomplish the foregoing. Tran reviewed the financial documents and information provided by Miguel Cacho and advised him that she would not be able to arrange a refinance unless Miguel was able to get another person to cosign for the loan. She instructed him to find a co-sign. with good credit. Miguel's brother, Rafael agreed to cosign the loan. This conversation and all other discussions among Miguel and Rafael, Tran, and others who worked for Palacio were conducted in the Spanish language with Tran's assistant acting as translator and primary point of contact.

24.   Plaintiffs are informed and believe and on that basis allege that Tran and employees and agents of Palacio filled out a fraudulent loan application in the name of Rafael Cacho Vega and then arranged, without Plaintiffs' knowledge and consent, a "sale" of the Property to Rafael. The "sale" was falsely premised on a deposit by Rafael in the amount in

6

excess of $160,00, a sale price of $675,000 and a loan from Downey in the amount of $506.250.00. Defendants Palacio and Tran then obtained a second mortgage on the Property in the amount of $75,000 in favor of Curiel. Plaintiffs were unaware that Palacio and Tran had obtained this mortgage, ostensibly in their behalf. Plaintiffs never received any proceeds from this loan secured by a second deed of trust.

25.    The closing took place on February 15, 2006. At the closing, Plaintiffs were fraudulently induced to sign documents transferring title to the Property to Rafael, paying off the existing loan and encumbering the Property with a Downey loan in the amount of $506,250.00, and a second mortgage in the amount of $75,000 to Curiel.

26.    These acts were contrary to Plaintiffs' understanding that only two things were to result from this transaction that had been arranged by Palacio and Tran; that Torres would come off title and the mortgage and that Miguel would obtain a refinance cosigned by his brother Rafael which would yield $20,000 in home equity which had accrued on the Property.

27.    The transactions were negotiated entirely in the Spanish language, no translator was present at any time during the negotiations or the closing and all of the documents that Plaintiffs were asked to sign were in the English language, a language in which Plaintiffs are illiterate. If Plaintiffs had known the true facts of the transactions, they would not have agreed to them.

28.    Plaintiffs have been unable to service the loans on the Property and rescinded these loans by letter dated July 11, 2007. Defendants have failed or refused to accept Plaintiffs' rescission. A notice of default was recorded on the Property in September, 2007 and the Property is vulnerable to a notice of foreclosure sale notice at any time.

7

**FIRST CAUSE OF ACTION**
Violation of the Fair Housing Act [42 USC § 3605]
(Against all Defendants)

29.     Plaintiffs reallege, and incorporate; by reference herein, each and every allegation

contained in the preceding paragraphs of this Complaint as if fully set forth.

30.     Downey and Curiel engages in transactions related to residential real estate, and

the loan made to Rafael on February 5, 2006 was such a transaction.

31.     Plaintiffs are Hispanic men of Mexican national origin.

32.     Plaintiffs are informed and believe, and on that basis allege, that Downey, Palacio,

Tran, and Curiel discriminated against them, on the basis of their race and national origin, in the

terms and conditions of the Loan. Specifically the terms and conditions offered to Plaintiffs were

less favorable than those offered to borrowers not better qualified than Plaintiffs but who were of

a different race or national origin.

33.     Plaintiffs have been damaged as a result of Defendants' discriminatory conduct.

**SECOND CAUSE OF ACTION**
Violation of Equal Credit Opportunity Act 15 U.S.C. § 1691
(Against Downey and Curiel)

34.     Plaintiffs reallege, and incorporate by reference herein, each and every allegation

contained in the preceding paragraphs of this Complaint as if fully set forth.

35.     Downey and Curiel are creditors within the meaning of 15 U.S.C. Section

1691(e).

36.     The Loans made by Downey and Curiel were credit transactions.

37.     Plaintiffs are informed and believe, and on that basis alleges, that Downey and

Curiel discriminated against them, on the basis of their race and national origin, in the terms and

conditions of the Loan. Specifically, the terms and conditions offered to Plaintiff's were less

favorable than those offered by Downey and Curiel to borrowers not better qualified than the

8

Plaintiffs but of different race and/or national origin.

38.     Plaintiffs have been damaged as a result of Downey and Curiel's discriminatory conduct.

**THIRD CAUSE OF ACTION**
Violation of TILA [15 U.S.C. §1639 &
Federal Reserve Regulation Z, 12 C.F.R. §226]
(Against Downey and Curiel)

39.     Plaintiffs reallege and incorporates by reference herein, each and every allegations contained in the preceding paragraphs of this Complaint as though fully set forth.

40.     Downey and Curiel are each creditors within the meaning of TILA as implemented by Regulation Z.

41.     The Loans are high-fee loans within the meaning of 12 C.F.R.     Section 226.32(a)(l)(ii).

42.     The Downey Loan is subject to a prepayment penalty prohibited by 15 U.S.C Section 1639(b).

43.     In extending the Loan, Downey and Curiel each failed to take into account the ability of Plaintiffs' to repay the loans in contravention of 15 U.S.C. Section 1639(h).  Plaintiffs are informed and believe and on that basis allege, that Downey's failure to take into account their ability to repay the Loan is but one instance of Downey's pattern or practice of making such loans without considering the borrowers' capacity to repay them.

44.     Curiel did not provide Plaintiffs with two copies of a notice of three-day right to rescind, in violation of 12 C.F.R. section 226.23.

45.     Downey and Curiel overcharged Plaintiffs for costs and fees and such fees and costs were not properly disclosed to the Plaintiffs in violation of TILA and Regulation Z.

9

**FOURTH CAUSE OF ACTION**
Violation of RESPA 12 U.S.C. §2601
(Against all Defendants, except FC)

46.    Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

47.    The home loans which are the subject of this action are a federally related mortgage loan as defined in RESPA [12 U.S.C. §2602].

48.    Defendants have violated RESPA by failing to make and provide the required written disclosure, by taking yield spread premiums and other unearned fees, and by making and collecting prohibited charges in violation of section 8 of RESPA.

49.    As a direct and proximate result of the Defendants' wrongful conduct, Plaintiffs are entitled to restitution and disgorgement of the wrongful commissions and windfall profits taken by the defendants as alleged herein as well as statutory and punitive damages all in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
Violation of Unruh Civil Rights Act [Cal. Civil Code 51]
(Against all Defendants except FC)

50.    Plaintiffs' reallege and incorporate by reference herein, the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

51.    Plaintiffs are informed and believe, and on that basis allege, that Defendants discriminated against them, on the basis of their race and/or national origin in the terms and conditions of the Loans. Specifically, the terms and conditions offered to the Plaintiffs were less favorable than those offered by Downey and Curiel to borrowers not better qualified than the Plaintiffs but of different race and/or national origin.

52.    The Plaintiffs have been damaged as a result of Defendant's discriminatory conduct.

10

COMPLAINT

**SIXTH CAUSE OF ACTION**
Unfair Business Practices and False Advertising
(Cal. Bus. & Prof. Code section 17200 & 17500)
(As against all Defendants)

53.     Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

54.     Defendants committed acts of unfair business practices, as defined by the California Business and Professions Code sections 17200 et seq. and 17500., by engaging in practices which include but are not limited to the subject acts and practices alleged above and further including but not limited to making loans to borrowers based on information that Defendants knew or should have known was inaccurate or incorrect; making loans without verifying borrower information; making loans without providing the borrower with accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrower; making loans without regard to the borrower's ability to repay the loan; misleading the borrower regarding the terms of loans, failing to provide disclosures and documents mandated by state and federal law, proceeding with the foreclosure when the underlying security interest had been canceled.

55.     These deceptive acts and practices and the fraudulent and predatory lending scheme alleged herein violate California Business and Practices Code Section 17200 in the manner alleged above and in the following respects: Defendants' conduct threatens an incipient violation of various consumer protection statutes, and/or violates the policy or spirit of such laws, including but not limited to TILA, RESPA. ECOA, UNRUH ACT, and other statutes recited in this complaint which prohibit, among other things, and provide penalties for, deceitful, dishonest and discriminatory and predatory lending practices, including but not limited to making mortgage loans without regard to the borrower's ability to repay, making mortgage loans based on deceptive, fraudulent representations or practices in violation of lending disclosure laws, making loans subject to illegal kickbacks and/or unearned fees, and making loans subject to excessive loan costs and fees and other abusive loan terms as alleged herein.

56.     Defendants' predatory lending practices, as alleged above, constitute unlawful.

11

unfair and fraudulent business acts or practices within the meaning of California Business and Professions Code section 17200.

57.    Defendants' unlawful, unfair and fraudulent business practices target the most vulnerable people in our society, including, as exemplified by Plaintiffs, limited English proficient, minority, low-income, financially unsophisticated homeowners who are at high risk of losing their homes as a result of the predatory lending practices alleged herein. Unless restrained, Defendants will continue these unlawful and unfair predatory practices and continue to sell these abusive home equity products to homeowners who are unable to afford them and unaware of their true nature, terms, costs and consequences.   Plaintiffs are therefore entitled to a permanent injunction enjoining Defendants from foreclosing on the Property and engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged herein.

58.    As a direct and proximate result of the aforementioned acts, Defendants caused Plaintiff Rafael to become obligated on a loan he did not request and could not afford to repay and put Plaintiff Miguel at risk of losing his home as alleged above.

59.    As a further direct and proximate result of Defendants' wrongful conduct as alleged above, Plaintiffs are entitled to restitution and disgorgement of moneys obtained by Defendants, as well as, an award of attorney fees pursuant to California Code of Civil Procedure Section 1021.5.

60.    Plaintiffs face imminent and irreparable injury in that Defendants will foreclose on the Property and that Miguel Cacho Vega and his family will lose their home.

### SEVENTH CAUSE OF ACTION
Violation of California Civil Code Section 1632
(Against all Defendants except FM)

61.    Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

62.    Defendants, and each of them, are engaged in a business whereby in the course of conducting business, they negotiate agreements entirely in Spanish.

63.    In violation of California Civil Code section 1632, Defendants, and each of them,

12

COMPLAINT

failed to provide Plaintiffs with documents or truthful and accurate translations of documents in Spanish, despite the fact that the contracts, including the loans, were negotiated in Spanish and defendants were fully aware that Plaintiffs are illiterate in English.

64.     As a result of Defendants' failure to provide said documents in Spanish, Plaintiffs were unable to verify the terms of the contracts promised them by Defendants and what Plaintiffs actually received were entirely different and to Plaintiffs' detriment.

65.     Plaintiffs have been injured as a result of Defendants' conduct as more fully set forth in this complaint.

## EIGHTH CAUSE OF ACTION
### Breach of Fiduciary Duty
(Against all Defendants, except Downey and FM)

66.     Plaintiffs' reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

67.     Said Defendants acted in the capacity of a mortgage loan broker and/or financial advisor for Plaintiffs and thereby owed a fiduciary duty to Plaintiffs.

68.     Plaintiffs understood that Defendants were acting on their behalf in the capacity of a mortgage broker, fiduciary and/or financial advisor to them.

69.     Said Defendants owed Plaintiffs a fiduciary duty of the highest good faith, fair dealing, loyalty, honesty and truthfulness toward Plaintiffs and were charged with a duty of full disclosure of all material facts concerning the transactions described herein that might have affected Plaintiffs' decision to enter into the loan.

70.     Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, breached their fiduciary duty to Plaintiffs by engaging in the fraudulent conduct alleged herein, including without limitation the following acts and omissions:

> a.      Defendants misrepresented to Plaintiffs the nature and effect of the loan application documents presented to them for signature;
>
> b.      Defendants failed to act in good faith and in the best interest of Plaintiffs;
>
> c.      Defendants charged excessive fees and costs;

13

d.      Defendants failed to provide proper notices, copies, and disclosures as required by law;

e.      Defendants failed to properly advise Plaintiffs of the true nature and effect of the transaction;

f.      Defendants failed to consider the interests of Plaintiff before their own; and,

g.      Defendants unjustly profited from the transaction.

71.     Defendants committed these wrongful acts while Plaintiff held them in a position of trust and confidence and they had a fiduciary relationship with Plaintiff.

72.     Plaintiffs would not have entered into the loan had they known the true nature, effect and costs of the transaction and had Defendants not breached their fiduciary duties.

73.     As a direct and proximate result of the Defendants' breach of their fiduciary duties, Plaintiffs have suffered economic damages in an amount according to proof.

74.     As a further direct, proximate, and foreseeable result of Defendants' conduct, as set forth above, Plaintiffs have suffered, and continues to suffer, humiliation, mental anguish, fear, and emotional and physical distress, all to their damage in an amount to be proven at trial.

75.     Defendants' acts were intentional, malicious, and oppressive, and were undertaken in conscious and reckless disregard of Plaintiffs' rights thereby entitling Plaintiffs to an award of punitive damages in accordance with proof.

## NINTH CAUSE OF ACTION
Fraud and Deceit
(Against all defendants except FC)

76.     Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

77.     Defendants made false promises and misrepresentations to Plaintiffs as alleged above, including, but not limited to misrepresentations in the loan application, misrepresentations that there was only one loan on the property rather than two, that the title to the Property would be in the name of Plaintiff Miguel with his brother Plaintiff Rafael as a cosign, that the loan

14

2

would be in the name of Miguel, that taxes and utlities would be included in the monthly mortgage payments and that there would be no transfer of the property.

3

4

5

78.    Defendants intentionally concealed from Plaintiffs the true nature of the Loans inducing Plaintiffs to enter into the loans. Defendants' true intention was to close loans that would enrich them.

6

7

79    Defendants Downey, Palacio, Tran and Curiel knew that Plaintiffs could not pay the monthly charges on the loan and would face foreclosure.

8

9

10

11

80.    Defendants engaged in the fraudulent acts and practices alleged above and by falsifying the contents of the loan application, misrepresenting Plaintiffs' income, misrepresenting the costs and nature of the loan, withholding disclosures and translations required by law and engaging in fraudulent and illegal practices as alleged in this complaint.

12

13

14

15

16

81.    When Defendants made the false promises and misrepresentations and engaged in deceitful acts as alleged above, defendants knew that the promises and misrepresentations were false, that the concealments were deceitful, and that the false promises, misrepresentations and deceitful acts and concealments were intended by them to deceive and defraud Plaintiffs and to fraudulently induce them to enter into the loans, to their detriment.

17

18

19

20

21

82.    In entering into the loan, Plaintiffs actually and reasonably relied on Defendants' false promises, misrepresentations and concealments. Plaintiffs would not have entered into the loans or followed Defendants' instructions to sign the loan documents had they known the true facts about Defendants' false promises, misrepresentations, concealments and deceitful acts and practices.

22

23

83.    As a direct proximate and legal result of the defendants' acts alleged herein. Plaintiffs have suffered damages in an amount to be proven at trial.

24

25

26

27

84.    Defendants have engaged in the fraudulent promises, misrepresentations, concealments and deceitful acts and practices alleged herein with malice and with the intent to deceive and injure Plaintiffs. Plaintiffs are therefore entitled to an award of punitive damages in an amount according to proof.

28

**TENTH CAUSE OF ACTION**
Negligence
(As to all Defendants)

85.    Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

86.    At all relevant times herein, Defendants owed a duty to Plaintiffs to exercise reasonable care in the processing of the loan applications, advising on financial matters, conducting the closing and distributing loan proceeds and dealing with the foreclosure of the Property.

87.    Defendants also owed Plaintiffs a duty of reasonable care to train their employees and agents to comply with all applicable laws, rules and/or regulations and in accordance with professional, industry-wide best practices standards.  These laws, rules, regulations and industry-wide best practices standards were enacted to protect individuals such as Plaintiffs.

88.    Defendants owe Plaintiffs a duty of reasonable care to supervise, regulate and control their employees to ensure compliance with all applicable laws, rules and regulations in accordance with professional, industry-wide best practices standards.    These laws, rules, regulations and industry-wide best practices standards were enacted to protect individuals such as Plaintiffs.

89.    Defendants breached these duties to Plaintiffs.

90.    As a direct and proximate result of Defendants' negligence as alleged herein, Plaintiffs have suffered injuries and damages as set forth above in an amount to be determined at trial.

**ELEVENTH CAUSE OF ACTION**
Declaratory Relief
(As to All Defendants)

91.    Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

92.    An actual controversy has arise and now exists between Plaintiffs and Defendants concerning their respective rights and duties with respect to the Loans.

93.    Plaintiffs desire a judicial determination of their rights and a declaration of the

16

responsibilities of Defendants and each of them.

94.    A judicial determination is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the named defendants as follows:

1.    For a preliminary injunction enjoining Downey and Curiel and any successor in interest from foreclosing on the Property;

2.    For a permanent injunction enjoining defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged herein;

3.    For rescission of the loan contract and restitution by defendants to Plaintiffs according to proof at trial;

4.    For disgorgement of all amounts wrongfully acquired by defendants according to proof at trial;

5.    For monetary damages according to proof at trial;

6.    For pre-judgment and post-judgment interest according to proof at trial;

7.    For pain and suffering damages according to proof at trial;

8.    For punitive damages according to proof at trial; and,

9.    For attorney's fees and costs as provided by statute.

DATED: December 12, 2007          LAW OFFICES OF ROBERT KANE
                                  COMMUNITY LEGAL SERVICES IN
                                  EAST PALO ALTO

                                  BY:
                                  SHIRLEY HOCHHAUSEN
                                  Attorney for Plaintiffs
                                  RAFAEL CACHO VEGA and
                                  MIGUEL CACHO VEGA

17

COMPLAINT

DEMAND FOR JURY TRIAL

2

3        Plaintiffs hereby demand a jury trial in the above entitled matter.

4                            Respectfully submitted,

5                            LAW OFFICES OF ROBERT KANE
6                            COMMUNITY LEGAL SERVICES IN
                             EAST PALO ALTO

7                            BY:_____
8                                SHIRLEY HOCHHAUSEN
                                 Attorney for Plaintiffs
9                                RAFAEL CACHO VEGA and

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   18