ROBERT KANE (CSB No. 71407)
LAW OFFICES OF ROBERT KANE
870 Market Street
San Francisco California. 94102
Tel: (415) 982-1510; Fax: (415) 982-5821
Rkane1089@aol.com

SHIRLEY HOCHHAUSEN (CSB No. 145619)
COMMUNITY LEGAL SERVICES IN
EAST PALO ALTO
2117-B University Avenue
East Palo Alto, CA 94303
Tel: (650) 326-6440; Fax:(650) 326-9722
S_Hochhausen@hotmail.com

Attorneys for Plaintiffs
RAFAEL CACHO VEGA and
MIGUEL CACHO VEGA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAFAEL CACHO VEGA and MIGUEL CACHO VEGA

Plaintiffs,

vs.

DOWNEY SAVINGS AND LOAN, ABSOLUTE INVESTMENT GROUP dba PALACIO MORTGAGE, LINDA TRAN, FORECLOSURE CONSULTANTS, INC., PABLO CURIEL, and DOES 1 - 100, inclusive,

Defendants.

Case No.

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Date: May 19, 2008
Time: 1:30 p.m.
Courtroom: 12
Judge: Thelton E. Henderson

## INTRODUCTION

Plaintiffs Rafael Cacho Vega ("Rafael") and Miguel Cacho Vega ("Miguel" or collectively "Plaintiffs") and Defendants Absolute Investment Group dba Palacio Mortgage ("Absolute"), Linda Tran ("Tran"), and Pablo Curiel ("Curiel") hereby jointly present their case management statement. Defendants Downey Savings and Loan and Foreclosure Consultants, Inc. have been dismissed from this action without prejudice.

1
CASE MANAGEMENT CONFERENCE STATEMENT

1. **Jurisdiction and Venue**

Subject matter jurisdiction is based on federal claims brought by plaintiff alleging violations of the Real Estate Settlement Procedures act ("RESPA") and the Equal Credit Opportunity Act. ("ECOA"). There does not appear to be any issue regarding personal jurisdiction or venue as all defendants are residents of California.

1. **Parties Contentions**

   A. **Plaintiffs' Contentions**

Absolute is a licensed real estate broker for whom Tran works. Tran has a history of working with Curiel to obtain second mortgages that Curiel funds. Miguel, who is a mono-lingual Spanish speaker, was the co-owner of a home located at 1247 Camelia Drive in East Palo Alto, California. Miguel contacted Tran to inquire how the co-owner/co-borrower could be removed from title to the property. Tran advised that in order to remove the co-borrower, he would have to refinance the property and he would need another co-borrower with good credit. It was agreed that Miguel's brother, Raphael, who is also a mono-lingual Spanish speaker, would act as co-borrower for purposes of obtaining a new loan. Plaintiffs contend that the Defendants, jointly and severally, violated Federal and State law, as well as fiduciary and other duties that they owed to Plaintiffs when they undertook to arrange a refinance of the mortgage on the subject property on behalf of Miguel and instead, unbeknownst to Plaintiffs, "sold" the property owned by Miguel to Raphael and encumbered the property with two mortgages.

Absolute and Tran, negotiated the aforementioned transactions entirely in the Spanish language but, in derogation of California Civil Code section 1632 failed to provide Plaintiffs with translation of the terms and documents relating to the transactions and failed to adequately the nature, details, risks and cost of the subject transaction as required by law. Defendants also violated RESPA by, among other things, receiving payments unrelated to the services they

provided. Finally Defendants violated ECOA by, among other things, providing services to people of Latin origin on terms less favorable than those provided to people of other national origins. As a consequence of the acts and omissions of Defendants, Miguel lost his family home in a foreclosure sale, lost the equity in the home, suffered the dislocation of his family of six and Raphael suffered the ruination of his credit rating.

### B. Defendants Absolute's and Tran's Contentions

Defendant Absolute and Tran have not filed a responsive pleading in this matter and are contemplating filing a responsive pleading or the necessity of filing bankruptcy. Absolute is no longer operating and had no insurance at the time of the incidents that give rise to the instant complaint. Defendant's Absolute and Tran did assist the Plaintiff in obtaining financing and informed the Plaintiff of all the facts and circumstances that surrounded the financing. Tran does not speak Spanish and never spoke to the Plaintiff in Spanish. Defendant Absolute and Tran specifically deny that they committed any fraudulent acts, any conspiratorial acts, any negligent acts, any acts constituting a breach of her fiduciary duty to the Plaintiff, or acts constituting a violation of RESPA or ECOA or any of the associated violations of which Plaintiff complain.

### C. Defendant Curiel's Contentions

Defendant Pablo Curiel denies that he had any knowledge of or participation in the title transfer from Miguel Vegas to his brother Raphael Vega. He contends that prior to the subject transactions, he was a retiree that invested notes secured by deeds of trust, and that he purchased said notes at discounts of 15% to 30% from their holders (often the sellers of the properties described in the deeds of trust). He further contends that Defendant/Cross-Defendant Linda Tran induced him to make original loans that would effectively give him the same return and

3
CASE MANAGEMENT CONFERENCE STATEMENT

represented that she would take care of all the necessary documentation (including but not limited to note, deed of trust, and disclosures). He contends that he fully relied on Tran and the brokerage she worked for to take care of any and all necessary paperwork, and that he never met nor talked with any of the plaintiffs.

For that reason, he will be filing a cross-complaint against Tran and the brokerage seeking indemnification against the claims raised by the Plaintiffs.

Defendant Curiel also contends that the Plaintiffs suffered no actual damages, having occupied a property for more rental value time than they actually paid out of pocket, and that he was the real victim in the Tran to Plaintiffs loan transaction.

2. **Status of the Pleadings and Parties**

All parties presently named have been served, however, the time to respond has not yet expired.

3. **Initial Disclosures**

Plaintiffs intend to file their initial disclosures immediately after the Defendants have responded to the complaint.

4. **Amendment of Pleadings**

Plaintiffs believe they will likely need to amend their complaint to add additional defendants and causes of action.

5. **Alternative Dispute Resolution**

Plaintiffs are agreeable to mediation before a magistrate judge. Defendants suggest that

mediation before Hon. William Martin (Ret.) would make more sense, as he has held mediation of the case of <u>Garvin et al vs. Tran et al</u>, C07-01571RS, on identical issues and parties, other than the specific plaintiffs.

6. **Discovery and Trial Proceedings**

Plaintiffs will propound written discovery and deposition of four to seven individuals. Plaintiffs have requested a jury trial and believe this case will take seven full days. Defendants seek to take the depositions of the Plaintiffs.

7. **Scheduling**

Plaintiffs believe that a further case management conference should be held after the Defendants have responded to the complaint. Defendants do not disagree.

DATED: May 13, 2008

Respectfully submitted,

LAW OFFICES OF ROBERT KANE
COMMUNITY LEGAL SERVICES IN
EAST PALO ALTO

BY: _____
ROBERT F. KANE
Attorneys for Plaintiffs Rafael Cacho Vega
and Miguel Cacho Vega

PARR LAW GROUP

BY: _____
Attorneys for Defendants Absolute Investment
Group dba Palacio Mortgage and Linda Tran

LAW OFFICES OF MICHAEL STONE

BY: _____
Attorneys for Defendant Pablo Curiel