**PARR LAW GROUP**
SHAWN R. PARR (SBN 206616)
150 Almaden Blvd., Suite 1380
San Jose, California 95113
Telephone: (408)267-4500
Facsimile: (408)267-4535

Attorneys for Defendants,
LINDA TRAN and ABSOLUTE INVESTMENT GROUP dba PALACIO MORTGAGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| RAFAEL CACHO VEGA and MIGUEL CACHO VEGA, <br><br> Plaintiffs, <br><br> v. <br><br> DOWNEY SAVINGS AND LOAN, ABSOLUTE INVESTMENTS GROUP dba PALACIO MORTGAGE, LINDA TRAN, PABLO CURIEL, FORCLOSURE CONSULTANTS, INC. and DOES 1-100 inclusive, <br><br> Defendants. | CASE NO. CV 07 6304 TEH <br><br> **DEFENDANT LINDA TRAN'S ANSWER TO COMPLAINT** |

COMES NOW, Defendant LINDA TRAN ("Defendant"), by way of Answer to Plaintiffs' Complaint, hereby responds to the allegations contained in said Complaint, as follows:

1. Defendant specifically denies each and every allegation contained in the Complaint except as specifically set forth below.

2. Defendant lacks sufficient information or belief to admit the allegations contained in paragraphs 1, 3 through 7, 9, 11, 14, 15, 16, 17 through 22, 28 through 31, 33 through 47, 50,

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

LINDA TRAN'S ANSWER COMPLAINT
VEGA, et al. v. DOWNEY, et al., Case No. C 07 6304 TEH                      1

53, 60 through 62 through 65, 66 through 69, 71 through 74, 76, 82, 83, 85, 86 through 88, and 90 through 94 of the Complaint and on this basis denies such allegations.

3. As to paragraph 2 of the Complaint, Defendant denies that Plaintiffs' were tricked into anything. Spanish speaking employees that translated all terms on all loans to the Plaintiffs. Defendant understood Plaintiffs first language was not English, but lacks sufficient information to admit or deny the level of Plaintiffs reading or comprehension of the English language.

4. Defendant admits paragraph 8 and 10.

5. As to paragraph 12 and 13 of the Complaint, Defendant admits that it is a California corporation conducting business activity in Santa Clara County. Defendant further admits that Linda Tran was an employee of Defendant and was licensed as a salesperson.

6. As to paragraph 23 of the Complaint, Defendant admits that Plaintiffs came to Defendant to refinance the home. Defendant admits explain all the options to Plaintiffs and Plaintiffs were fully aware of the available choices and made the knowing choice to use Torres as a co-signer.

7. As to paragraph 24 of the Complaint, Defendant admits that Plaintiffs were fully informed of their options, and executed all the documents with knowledge of their contents. Plaintiffs received the benefit of all the loans that were recorded against the subject property.

**AFFIRMATIVE DEFENSES**

AS A FIRST SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' Complaint is barred in whole or in part because Plaintiffs failed to state facts sufficient to constitute a cause of action upon which damages may be sought.

AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' Complaint barred in whole or in part because this Court lacks subject matter jurisdiction over this action.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

LINDA TRAN'S ANSWER COMPLAINT
VEGA, et al. v. DOWNEY, et al., Case No. C 07 6304 TEH    2

AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' Complaint is barred in whole or in part because based on the allegations set forth in the Complaint, all causes of action are barred by the applicable statute of limitations.

AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' Complaint is barred in whole or in part by application of the doctrine of unjust enrichment to the acts, conduct and representations by Plaintiffs.

AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all material times, Plaintiffs were aware, or should have been aware, of all material facts regarding the matters which are the subject of their Complaint, and Plaintiffs assumed all risks attendant thereto.

AS A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs have irrevocably waived any and all claims that he may have, or have had, against Defendant, through their own conduct, acts, and deeds.

AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs, by reason of his own conduct, are collaterally estopped from pursuing the action set forth in the Complaint against Defendant.

AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs failed to mitigate damages, if there are any, and said failure to mitigate has proximately caused or contributed to the matters complained of and the damages alleged in the Complaint.

AS A NINTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' Complaint is barred in whole or in part because Plaintiffs have unclean hands.

AS A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' damages, if any, are the result of the acts of Plaintiffs which, but for their own acts and omissions and neglect, could have been avoided.

AS A ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs are guilty of laches with respect to Plaintiffs' claim and is therefore not entitled to invoke the equity jurisdiction of the Court.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

LINDA TRAN'S ANSWER COMPLAINT
VEGA, et al. v. DOWNEY, et al., Case No. C 07 6304 TEH                    3

1    AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs have not incurred any damages as a result of Defendant's acts or failure to act.

AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any violation claimed to have been committed by Defendant was not intentional on the part of Defendant and resulted from bona fide error even though procedures were maintained that were reasonably adapted to avoid errors of the type claimed.

AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that there was no affiliated business arrangement between Defendant and any other party to this lawsuit save and accept the broker and salespersons described herein.

AS A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' damages, if any, were the result, in whole or in part, of Plaintiffs' own negligence and therefore, any liability assigned to Defendant should be reduced by some amount corresponding of Plaintiffs' own negligence.

AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' damages, if any, were the result, in whole or in part, of the negligence and/or affirmative bad acts of individuals or entities other than this answering Defendant and therefore, any liability assigned to Defendant should be reduced by some amount corresponding to the negligence and/or affirmative bad acts of said individuals or entities.

AS A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' damages, if any, were the result of affirmative wrongdoing on the part of individuals or entities other than this answering Defendant while this answering defendant's acts were of a passive nature and therefore, defendant is entitled to equitable indemnity in the amount of any liability assigned to Defendant from said individuals or entities.

AS AN EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs substantially and materially breached the obligation complained of prior to commencement of this action, which conduct extinguishes the right to maintain the instant action.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

LINDA TRAN'S ANSWER COMPLAINT
VEGA, et al. v. DOWNEY, et al., Case No. C 07 6304 TEH                                    4

1   AS A NINTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges
2 that the obligation which is the subject of this lawsuit was procured by the fraud and
3 misrepresentation of Plaintiffs alone.
4   AS A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges
5 upon information and belief that the Complaint was filed in bad faith and has no merit and is
6 subject to the provisions of CCP § 128.6.
7   AS A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
8 alleges that Defendant acted with the good faith belief in the propriety of its actions.
9   AS A TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
10 alleges that Plaintiffs approved of and ratified the actions and transactions now complained of.
11   AS A TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
12 alleges that no act of omission of or by these answering defendants was a substantial factor in
13 bringing about the damages alleged by Plaintiffs, nor was any act or omission a contributing
14 cause thereof. Any alleged acts or omissions of these answering defendants were superceded by
15 the acts or omissions of others, including Plaintiffs, which were the independent intervening and
16 proximate causes of the damage or loss allegedly sustained by Plaintiffs.
17   AS A TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
18 alleges that Plaintiffs' state law claims are preempted, in whole or in part, by federal statute,
19 federal regulation, or common law, including but not limited to RESPA.
20   AS A TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
21 alleges that Plaintiffs' claim for punitive damages, if granted, would be grossly excessive and
22 would violate the due process clause of the fourteenth amendment to the US Constitution. These
23 answering defendants have not received fair notice that they could be subject to substantial
24 punitive damages in this State for the conduct alleged. These answering defendants' conduct
25 was not deliberate and the damages, if any, to Plaintiffs were solely economic in nature. The
26 punitive damages sought by Plaintiffs are greatly disproportionate to any actual damages and far
27 exceed any civil or criminal sanctions that could be imposed for similar alleged misconduct.
28

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

LINDA TRAN'S ANSWER COMPLAINT
VEGA, et al. v. DOWNEY, et al., Case No. C 07 6304 TEH                    5

1   AS A TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claim for punitive damages, if granted, would violate the eighth amendment to the US Constitution and Article I, §§1 and 17, of the California Constitution because Plaintiffs seeks to impose an excessive fine upon these answering defendants, which is penal in nature.

AS A TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claim for punitive damages, if granted, would violate the equal protection clause of the fourteenth amendments to the US Constitution and Article I, § 7 of the California Constitution because it would discriminate against these answering defendants on the basis of wealth and because different amounts can be awarded against two or more defendants for the same acts where those defendants differ only in material wealth.

AS A TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claim for punitive damages violates the due process clause of the fifth and fourteenth amendments to the US Constitution because it seeks to punish these answering defendants based upon unconstitutionally vague standards.

AS A TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claim for punitive damages, if granted, would violate the fifth amendment to the US Constitution and Article I § 15 of the California Constitution because it would expose these answering defendants to multiple punishments and fines for the same conduct.

AS A THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claim for punitive damages violates the due process clause of the fifth and fourteenth amendments to the US Constitution in the absence of an order bifurcating that claim for the issue of liability.

**WHEREFORE**, Defendant prays that Plaintiffs take nothing by reason of their Complaint, that judgment be rendered in favor of Defendant, that Defendant be awarded the costs of suit incurred in defense of this action, and for such other and further relief as this Court may deem proper.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

LINDA TRAN'S ANSWER COMPLAINT
VEGA, et al. v. DOWNEY, et al., Case No. C 07 6304 TEH    6

1 | Dated: June 2, 2008                                    **PARR LAW GROUP**

                                                          _____/S/_____
                                                          SHAWN R. PARR, Attorney for Defendants
                                                          LINDA TRAN and ABSOLUTE INVESTMENT
                                                          GROUP dba PALACIO MORTGAGE

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

LINDA TRAN'S ANSWER COMPLAINT
VEGA, et al. v. DOWNEY, et al., Case No. C 07 6304 TEH                              7