Michael E. Stone, Esq. SBN: 46016
Leo B. Siegel, Esq., SBN: 116841
LAW OFFICE OF MICHAEL E. STONE
3425 S. Bascom Avenue, Suite I
Campbell, CA 95008
Tel: (408) 377-9899 / Fax: (408) 377-5270

Attorney for Defendant
PABLO CURIEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL CACHO VEGA and MIGUEL CACHO VEGA<br><br>        Plaintiff(s);<br><br>vs.<br><br>DOWNEY SAVINGS AND LOAN, ABSOLUTE INVESTMENT GROUP dba PALACIO MORTGAGE, LINDA TRAN, FORECLOSURE CONSULTANTS, INC., PABLO CURIEL, and DOES 1-100, inclusive,<br><br>        Defendants.<br>_____/ | Case No.CV 07-6304 TEH<br><br>ANSWER TO COMPLAINT |

Pablo Curiel, answers the Complaint as follows:

1.     Answering the allegations contained in paragraph 1, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

2.     Answering the allegations contained in paragraph 2, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

3.     Answering the allegations contained in paragraph 3, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies

said allegations.

4.  Answering the allegations contained in paragraph 4, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

5.  Answering the allegations contained in paragraph 5, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

6.  Answering the allegations contained in paragraph 6, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

7.  Answering the allegations contained in paragraph 7, this answering defendant admits that Plaintiffs are in default on his loan, but denies that he rejected a tendered rescission by Plaintiffs; to the contrary, Defendant Curiel alleges that he accepted the rescission, gave Plaintiffs notice thereof (through his counsel), and that Plaintiffs have failed and refused to return the principal funds loaned to them (less credit for any payments made and finance charges).

8.  Answering the allegations contained in paragraph 8, this answering defendant admits the same.

9.  Answering the allegations contained in paragraph 9, this answering defendant admits that this court has jurisdiction over the claims raised by Plaintiffs.

10. Answering the allegations contained in paragraph 10, this answering defendant admits that venue is proper in this judicial district.

11. Answering the allegations contained in paragraph 11, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

12. Answering the allegations contained in paragraph 12, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

13. Answering the allegations contained in paragraph 13, this answering defendant lacks

1 sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

14. Answering the allegations contained in paragraph 14, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

15. Answering the allegations contained in paragraph 15, this answering defendant admits said allegations.

16. Answering the allegations contained in paragraph 16, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

17. Answering the allegations contained in paragraph 17, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

18. Answering the allegations contained in paragraph 18, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

19. Answering the allegations contained in paragraph 19, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

20. Answering the allegations contained in paragraph 20, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

21. Answering the allegation contained in paragraph 21, this answering defendant refers to his answer to paragraphs 1-20, inclusive, and by said reference incorporates the same hereat.

22. Answering the allegations contained in paragraph 22, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

23. Answering the allegations contained in paragraph 23, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

24. Answering the allegations contained in paragraph 24, this answering defendant

admits that Defendants Palacio and Tran obtained a second mortgage on the Property from him for Plaintiffs' benefit, but denies, generally and specifically, singularly and plurally, each and every other allegation contained in said paragraph.

25. Answering the allegations contained in paragraph 25, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

26. Answering the allegations contained in paragraph 26, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

27. Answering the allegations contained in paragraph 27, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

28. Answering the allegations contained in paragraph 28, this answering defendant denies that he "failed or refused to accept Plaintiffs' rescission", but lacks sufficient information and belief to adequately answer the remaining allegations in said paragraph and based thereon denies said allegations.

29. Answering the allegations contained in paragraph 29, this answering defendant refers to and incorporates hereat each of his answers to paragraphs 1-28, inclusive.

30. Answering the allegations contained in paragraph 30, this answering defendant admits that he engages in real estate related transactions and that his loan to Plaintiffs was such a transaction.

31. Answering the allegations contained in paragraph 31, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

32. Answering the allegations contained in paragraph 32, this answering defendant denies that he discriminated against Plaintiffs and denies that he makes loans to borrowers of any race or national origin on any other terms and conditions than those offered to Plaintiffs.

33. Answering the allegations contained in paragraph 33, this answering defendant denies that Plaintiffs have been damaged in any sum by his conduct; and he alleges that, to the contrary, it

is this answering defendant who has suffered damages as a result of Plaintiffs obtaining a loan from him and then losing the property that was security for the loan by defaulting on a senior encumbrance.

34. Answering the allegations contained in paragraph 34, this answering defendant refers to and incorporates hereat each of his answers to paragraphs 1-33, inclusive.

35. Answering the allegations contained in paragraph 35, this answering defendant admits that he is a creditor of Plaintiffs.

36. Answering the allegations contained in paragraph 36, this answering defendant admits that the loan to Plaintiffs was a credit transaction.

37. Answering the allegations contained in paragraph 37, this answering defendant denies that he discriminated against Plaintiffs and further denies every other allegation contained in paragraph 37.

38. Answering the allegations contained in paragraph 38, this answering defendant denies that Plaintiffs have been damaged by any discriminatory conduct on his part.

39. Answering the allegations contained in paragraph 39, this answering defendant refers to and incorporates hereat each of his answers to paragraphs 1-38, inclusive.

40. Answering the allegations contained in paragraph 40, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

41. Answering the allegations contained in paragraph 41, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

42. Answering the allegations contained in paragraph 42, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

43. Answering the allegations contained in paragraph 43, this answering defendant denies that he failed to take into account the Plaintiffs' ability to repay his loan, and denies the remaining allegations in paragraph 43 based on his lack of information and belief to adequately answer said allegations.

44.     Answering the allegations contained in paragraph 44, this answering defendant alleges that he relied on the Plaintiffs' loan agents, co-defendants Palacio and Tran, to prepare and give all required notices and disclosures, and that he lacks sufficient information and belief to adequately answer whether they gave said notices and disclosures.

45.     Answering the allegations contained in paragraph 45, this answering defendant again alleges that he relied on the Plaintiffs' loan agents, co-defendants Palacio and Tran, to disclose whatever fees and charges were imposed and that he lacks sufficient information and belief to adequately answer whether those charges were disclosed to Plaintiffs.

46.     Answering the allegations contained in paragraph 46, this answering defendant refers to and incorporates hereat each of his answers to paragraphs 1-45, inclusive.

47.     Answering the allegations contained in paragraph 47, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

48.     Answering the allegations contained in paragraph 48, this answering defendant denies that he took any "yield spread premium" or other "unearned fees", denies that he collected any prohibited charges, and alleges that he lacks sufficient information and belief to answer whether or not Plaintiffs were given the required disclosures by the loan agents who arranged Plaintiffs' loan from this defendant.

49.     Answering the allegations contained in paragraph 49, this answering defendant admits that Plaintiffs are entitled to restitution, due to his acceptance of the tendered rescission, but must also then restore to this answering defendant the loan funds received by them less any finance charges or payments made to answering defendant; this answering defendant denies the remaining allegations contained in paragraph 49, generally and specifically, singularly and plurally.

50.     Answering the allegations contained in paragraph 50, this answering defendant refers to and incorporates hereat each of his answers to paragraphs 1-49, inclusive.

51.     Answering the allegations contained in paragraph 51, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

52. Answering the allegations contained in paragraph 52, this answering defendant denies that Plaintiffs have been damaged by any discriminatory conduct on his part.

53. Answering the allegations contained in paragraph 53, this answering defendant refers to and incorporates each of his answers to paragraphs 1-52, inclusive.

54. Answering the allegations contained in paragraph 54, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

55. Answering the allegations contained in paragraph 55, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

56. Answering the allegations contained in paragraph 56, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

57. Answering the allegations contained in paragraph 57, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

58. Answering the allegations contained in paragraph 58, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

59. Answering the allegations contained in paragraph 59, this answering defendant admits that Plaintiffs are entitled to restitution, since he accepted their tendered rescission, as he is also entitled to restitution; and this answering defendant denies each and every other allegation contained in paragraph 59, generally and specifically, singularly and plurally.

60. Answering the allegations contained in paragraph 60, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

61. Answering the allegations contained in paragraph 61, this answering defendant refers to and incorporates each of his answers to paragraphs 1-60, inclusive.

62. Answering the allegations contained in paragraph 62, this answering defendant denies that he negotiates agreements entirely in Spanish and lacks sufficient information and belief to adequately answer the remaining allegations in paragraph 62.

63. Answering the allegations contained in paragraph 63, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

64. Answering the allegations contained in paragraph 64, this answering defendant denies generally and specifically, singularly and plurally, each and every allegation contained therein.

65. Answering the allegations contained in paragraph 65, this answering defendant denies, that Plaintiffs have been injured by any conduct on his part.

66. Answering the allegations contained in paragraph 66, this answering defendant refers to and incorporates hereat each of his answers to paragraphs 1-65, inclusive.

67. Answering the allegations contained in paragraph 67, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

68. Answering the allegations contained in paragraph 68, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

69. Answering the allegations contained in paragraph 69, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

70. Answering the allegations contained in paragraph 70, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

71. Answering the allegations contained in paragraph 71, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

72. Answering the allegations contained in paragraph 72, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

73. Answering the allegations contained in paragraph 73, this answering defendant denies that Plaintiffs have suffered any damages as a result of his conduct.

74. Answering the allegations contained in paragraph 74, this answering defendant denies that Plaintiffs have suffered any damages as a result of his conduct.

75. Answering the allegations contained in paragraph 75, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

76. Answering the allegations contained in paragraph 76, this answering defendant refers to and incorporates hereat each of his answers to paragraphs 1-75, inclusive.

77. Answering the allegations contained in paragraph 77, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained in paragraph 77, and alleges that he made no representations to Plaintiffs whatsoever, never talked to or met either of them, and never authorized any other person to make such representations on his behalf.

78. Answering the allegations contained in paragraph 78, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

79. Answering the allegations contained in paragraph 79, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained in paragraph 79, and alleges that if this answering defendant had ever been informed or made aware that Plaintiffs could not afford the senior loan put on the property, never mind this defendant's loan, he would never have made the loan requested by Plaintiffs' loan agents; all the financial risks were on this answering defendant, not on Plaintiffs.

80. Answering the allegations contained in paragraph 80, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

81. Answering the allegations contained in paragraph 81, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

82. Answering the allegations contained in paragraph 82, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

83. Answering the allegations contained in paragraph 83, this answering defendant denies that Plaintiffs have suffered any damages as a result of any act of his.

84. Answering the allegations contained in paragraph 84, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

85. Answering the allegations contained in paragraph 85, this answering defendant refers to and incorporates hereat each of his answers to paragraphs 1-84, inclusive.

86. Answering the allegations contained in paragraph 86, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

87. Answering the allegations contained in paragraph 87, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

88.     Answering the allegations contained in paragraph 88, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

89.     Answering the allegations contained in paragraph 89, this answering defendant denies, generally and specifically, singularly and plurally, each and every allegation contained therein.

90.     Answering the allegations contained in paragraph 90, this answering defendant denies that Plaintiffs have suffered any damages as a result of any negligence on his part.

91.     Answering the allegations contained in paragraph 91, this answering defendant refers to and incorporates hereat each of his answers to paragraphs 1-90, inclusive.

92.     Answering the allegations contained in paragraph 92, this answering defendant denies that a controversy exists concerning his loan to Plaintiffs, as the Plaintiffs demanded rescission and he agreed to the same; Plaintiffs are now entitled to a credit for payments made and finance charges imposed, but must restore the balance of this answering defendant's loan funds to him.

93.     Answering the allegations contained in paragraph 93, this answering defendant lacks sufficient information and belief to fully and adequately answer the same, and based thereon denies said allegations.

94.     Answering the allegations contained in paragraph 94, this answering defendant denies that a judicial determination is necessary between he and the Plaintiffs, as he has acquiesced in their requested rescission.

95.     As and for his first affirmative defense, def. Pablo Curiel alleges that he relied entirely on the loan agents to make any and all disclosures and notices required, and that his only involvement was to provide the loan funds when and as requested; consequently, he lacks information and belief as to what was stated, disclosed and/or noticed to Plaintiffs, but rather than to incur the expense of defending against the allegations made by Plaintiffs, he accepted the tendered rescission when requested by the Plaintiffs, and that a contract of rescission was thereby created. It is Plaintiffs who have now breached that contract and are liable to Def. Pablo Curiel for not just the funds necessary to effect restitution, but also his attorney's fees and costs incurred herein.

//

//

| | | |
|---|---|---|
| 1 | Dated: August 18, 2008 | LAW OFFICE OF MICHAEL E. STONE |
| 2 | | |
| 3 | | /s/ Michael E. Stone |
| 4 | | MICHAEL E. STONE, Attorney for Def. Pablo Curiel |