1  Michael E. Stone, Esq. SBN: 46016
   Leo B. Siegel, Esq., SBN: 116841
2  LAW OFFICE OF MICHAEL E. STONE
   3425 S. Bascom Avenue, Suite I
3  Campbell, CA 95008
   Tel: (408) 377-9899 / Fax: (408) 377-5270
4
   Attorney for Defendant/Cross-claimant
5  PABLO CURIEL

6

7

8                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11

12
   RAFAEL CACHO VEGA and              Case No.CV 07-6304 TEH
13 MIGUEL CACHO VEGA
                                      CROSS-CLAIM OF PABLO
14         Plaintiff(s);              CURIEL FOR EQUITABLE AND
                                      IMPLIED INDEMNITY, CONTRIBUTION,
15  vs.                              DAMAGES AND DECLARATORY RELIEF

16 DOWNEY SAVINGS AND LOAN,
   ABSOLUTE INVESTMENT GROUP dba
17 PALACIO MORTGAGE, LINDA TRAN,
   FORECLOSURE CONSULTANTS, INC.,
18 PABLO CURIEL, and DOES 1-100, inclusive,

19
          Defendants.
20 _____/

21 PABLO CURIEL,

22         Cross-claimant,

23  vs.

24 LINDA TRAN; ABSOLUTE INVESTMENT
   GROUP, INC. dba PALACIO MORTGAGE,
25 and ROES 100 through 150, inclusive

26         Cross-defendants
   _____/
27

28  //

                                    1
   CROSS-CLAIM FOR EQUITABLE AND IMPLIED INDEMNITY, CONTRIBUTION AND DECLARATORY
                                  RELIEF

## GENERAL ALLEGATIONS

Cross-claimant Pablo Curiel ("Cross-claimant"), alleges as follows:

1. For the purposes herein, the use of the masculine gender shall include all genders, whether singular or plural.

2. Cross-defendants ROES 100 through 150, inclusive, are the fictitious names of those Cross-defendants whose true names are unknown to Cross-claimant, and whose true capacities, whether as individuals, corporations, partnerships, joint ventures and/or associations, are also unknown to Cross-claimant, and when such true names are ascertained, Cross-claimant will amend this Cross-claim by inserting said true names in the place of said fictitious names.  Cross-claimant is informed and believes and thereon alleges that whenever and wherever in this Cross-Claim  any Cross-defendants are the subject of any charging allegations by Cross-claimant, said ROES are also responsible in some manner for the events and happenings and it shall be deemed that said Cross-defendants ROES 100 through 150, inclusive, and each of them, are likewise the subject of said charging allegations herein by Cross-claimant.

3. Cross-claimant is informed and believes and thereon alleges that at all times herein mentioned Cross-defendants ROES 100 through 150 were the agents, servants and employees of their co-Cross-defendants and in doing the things hereinafter mentioned were acting in the scope of their authority as such agents, servants, and employees with permission and consent from their Co-Cross-defendants.

4. Cross-claimant has been named as a Defendant in the Complaint filed in the subject litigation.  Cross-claimant incorporates the Complaint (the "Complaint"), filed on or about Dec. 13, 2007, by Plaintiffs, Rafael Cacho Vega and Miguel Cacho Vega, herein by reference, for reference only, and not for the purpose of admitting or denying the allegations contained therein.  The Cross-Defendants named in this Cross-Claim are all Co-Defendants named in the Complaint, except for ROES 100 through 150, inclusive.

//

//

//

CROSS-CLAIM FOR EQUITABLE AND IMPLIED INDEMNITY, CONTRIBUTION AND DECLARATORY RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST CAUSE OF ACTION**

[Equitable Implied Indemnity]

(All Cross-Defendants)

5.  Cross-claimant incorporates herein by reference the allegations contained in paragraphs 1 through 4, inclusive, of the General Allegations.

6.  In the event that liability should be established in this action on the part of Cross-claimant, which liability is expressly denied, such liability will arise solely by reason of the conduct and negligence of Cross-defendants, and each of them.  Cross-defendants, and each of them, are therefore bound and obligated to defend, indemnify and hold Cross-claimant harmless from and against any and all claims, losses, damages, attorneys' fees, judgments and settlement expenses incurred or to be incurred in this action by Cross-claimant.

7.  Cross-claimant intends this Cross-claim to be notification to Cross-defendants that Cross-claimant hereby tenders to Cross-defendants the obligation of Cross-defendants to defend Cross-claimant, pursuant to California Code of Civil Procedure §1021.6, in that as a result of the torts of Cross-defendants, and each of them, Cross-claimant has been required to defend against the complaint of plaintiffs and hereby demands defense and indemnity from each of said Cross-defendants.  Cross-claimant is informed and believes, and thereon alleges, that each of said Cross-defendants refuses said demands of tender of defense by Cross-claimant.

8.  As a further direct and proximate result of the aforesaid primary and improper conduct of Cross-defendants, and each of them, Cross-claimant has necessarily retained the Law Offices of Michael E. Stone to defend Cross-claimant herein at Cross-claimant's sole cost and expense, and to prepare, file, and prosecute this Cross-Claim.  Cross-claimant has incurred, and will continue to incur, liabilities for attorney fees and costs in the defense thereof, and in the prosecution of this Cross-Claim, in presently unascertained sums, all according to proof.

**WHEREFORE**, Cross-claimant prays for judgment against Cross-defendants, and each of them, as hereinafter set forth.

//

CROSS-CLAIM FOR EQUITABLE AND IMPLIED INDEMNITY, CONTRIBUTION AND DECLARATORY RELIEF

## SECOND CAUSE OF ACTION
[Total Indemnity]
(All Cross-Defendants)

9.  Cross-claimant incorporates by reference the allegations contained in paragraphs 1 through 4, inclusive, of the General Allegations, and paragraphs 7 and 8 of the First Cause of Action.

10.  In the event that liability should be established in this action on the part of Cross-claimant, which liability is expressly denied, such liability will arise solely by reason of the active and primary conduct and negligence of Cross-defendants and each of them.  Cross-claimant's conduct is passive and secondary in relation to the conduct of Cross-defendants, and each of them. Cross-claimant is therefore entitled to total defense and indemnification by Cross-defendants, and each of them, from and against any and all claims, losses, damages, attorneys' fees, judgments, and settlement expenses incurred or to be incurred in this action by Cross-claimant.

**WHEREFORE**, Cross-claimant prays for judgment against Cross-defendants, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

[Express and Implied Contractual Indemnity]

(All Cross-Defendants)

11.  Cross-claimant incorporates by reference the allegations contained in paragraphs 1 through 4, inclusive, of the General Allegations, and paragraphs 7 and 8 of the First Cause of Action.

12.  Cross-defendants, and each of them, impliedly and expressly covenanted and contracted to defend, indemnify and hold harmless Cross-claimant from and against any and all claims, losses, damages, attorney fees, judgments and settlement expenses incurred or to be incurred as a consequence of the active negligence or other tortious conduct of Cross-defendants, and each of them.  In the event that liability should be established in this action on the part of Cross-claimant, which liability is expressly denied, such liability will arise solely by reason of said negligence or other tortious conduct of Cross-defendants, and each of them.

CROSS-CLAIM FOR EQUITABLE AND IMPLIED INDEMNITY, CONTRIBUTION AND DECLARATORY RELIEF

**WHEREFORE**, Cross-claimant prays for judgment against Cross-defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

[Contribution]

(All Cross-Defendants)

13.  Cross-claimant incorporates by reference the allegations contained in paragraphs 1 through 4, inclusive, of the General Allegations, and paragraphs 6, 7, and 8 of the First Cause of Action.

14.  In the event liability should be established on the part of Cross-claimant, which liability is expressly denied, Cross-claimant is informed and believes and thereon alleges, that it may be obligated to pay sums representing a percentage of liability that is not Cross-claimant's own, but rather that of Cross-defendants, and each of them.  Therefore, Cross-claimant requests an adjudication and determination of the respective degrees of liability, if any, on its part and on the part of the Cross-defendants, and each of them, so as to determine that portion of the amount, if any, by which Cross-claimant is found liable, which actually represents the proportionate degree of fault of Cross-defendants, and each of them.

**WHEREFORE**, Cross-claimant prays for judgment against Cross-defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION

[Damages For Breach Of Duty]
(All Cross-Defendants)

15.  Cross-claimant incorporates by reference the allegations contained in paragraphs 1 through 14, above, the same as fully set forth hereat.

16.  Within the two years preceding the filing of this litigation, Cross-Defendant Linda Tran approached Cross-claimant and asked him to allow her to originate junior deed of trust loans for him on the same basis as Cross-claimant was purchasing existing loans (in other words, for a fifteen  percent (15%) discount, short-term, real property secured, and bearing interest of not less than ten percent (10%) annual).  Ms. Tran was acting as the agent for the other named  cross-

defendants, had done business in the past with Cross-claimant (when he purchased existing loans carried back by sellers of single-family residences), and represented that she would take care of all paperwork, including but not limited to any necessary disclosures, escrow instructions, promissory notes, and deeds of trust, and have her broker review and approve the same. All Cross-claimant would have to do is furnish Ms Tran's clients the necessary money, the same as if buying already existing loans.

17.    In reliance on said cross-defendants to make all necessary disclosures and prepare all the documentation, and particularly cross-defendant Tran, Cross-claimant made the loan described in the Complaint.

18.    As a result of the Complaint, Cross-claimant has been informed that Ms. Tran and/or her co-cross-defendants, so negligently performed their duties as real estate mortgage agents and/or brokers that the Plaintiffs seek damages and rescission, such the Cross-claimant is, and may continue to be, proximately caused damages in loss of principal and interest thereon.

19.    Cross-claimant did everything on his part to be performed, and relied entirely on Cross-Defendants to take care of everything else necessary to effect the loans in a legally complying manner. If Cross-claimant suffers any losses as a result of this litigation, said losses will be the proximate result of cross-defendants' negligence and breach of duties.

**WHEREFORE,** Cross-claimant prays for judgment as hereinafter set forth.

## <u>SIXTH CAUSE OF ACTION</u>

(Declaratory Relief)

20.    Cross-claimant incorporates by reference the allegations contained in paragraphs 1 through 19, above, the same as fully set forth hereat.

21.    A determination of the proportionate degree of liability, if any, of the Cross-claimant, on the one hand, and the Cross-defendants, and each of them, on the other hand, is necessary to protect the rights of Cross-claimant against said Cross-defendants, and each of them.

22. An actual controversy has arisen and now exists relating to legal rights and duties of Cross-claimant and Cross-defendants, and each of them, for which Cross-claimant desires

CROSS-CLAIM FOR EQUITABLE AND IMPLIED INDEMNITY, CONTRIBUTION AND DECLARATORY RELIEF

1  a declaration of his rights of indemnification and damages, in that Cross-claimant contends and

2  Cross-defendants deny the following:

3      a.  That as between Cross-claimant and Cross-defendants, responsibility, if any, for

4  the damages claimed by Plaintiffs in this action rest entirely or partially on Cross-defendants; and,

5      b.  That as a result, Cross-defendants are obligated to partially indemnify or fully

6  indemnify Cross-claimant for sums that Cross-claimant may be compelled to pay as the

7  result of any damages, judgment or other awards recovered against Cross-claimant, and/or sums

8  that Cross-claimant will be unable to recover on the loans made.

9      c.  That Cross-defendants are liable to Cross-claimant for damages incurred as a result

10 of Cross-defendants' negligence and/or breaches of duty.

11     **WHEREFORE,** Cross-claimant prays for judgment against Cross-defendants, and

12 each of them, as follows:

13     1.      That Cross-claimant Pablo Curiel be fully indemnified and held harmless from

14 and against any judgment rendered against him for any claims, losses, costs, damages, attorney

15 fees, judgment and/or settlement expenses incurred by Cross-claimant in connection with

16 these related actions;

17     2.      That Cross-claimant have judgment against Cross-defendants, and each of

18 them, for contribution and/or indemnity in an amount which is proportional to the percentage of

19 negligence attributable to each of said Cross-defendants;

20     3.      That Cross-claimant have judgment against Cross-Defendants, and each of

21 them, for damages incurred by him in an amount to be proven at trial;

22     4.      That the court declare the respective rights and duties of Cross-claimant and

23 Cross-defendants and further declare that Cross-claimant Pablo Curiel is entitled to

24 indemnity and/or contribution from the Cross-defendants, and each of them, in proportion to

25 the percentage of negligence attributable to each such Cross-defendants, as well as recovery

26 of damages incurred;

27     5.      That as to all Cross-defendants, Cross-claimant be awarded his costs, expenses

28 and attorneys fees incurred herein; and

CROSS-CLAIM FOR EQUITABLE AND IMPLIED INDEMNITY, CONTRIBUTION AND DECLARATORY RELIEF

6.      For such other and further relief as the court deems just and proper.


Dated: August 18, 2008

                                        /s/ Michael E. Stone
                                        Michael E. Stone, Attorney for
                                        Cross-claimant PABLO CURIEL

CROSS-CLAIM FOR EQUITABLE AND IMPLIED INDEMNITY, CONTRIBUTION AND DECLARATORY
RELIEF