IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL CACHO VEGA and MIGUEL CACHO VEGA,<br><br>Plaintiffs,<br><br>v.<br><br>DOWNEY SAVINGS AND LOAN, et al.,<br><br>Defendants. | NO. C07-6304 TEH<br><br>ORDER RE: MOTION TO WITHDRAW BY COUNSEL FOR DEFENDANT ABSOLUTE INVESTMENT GROUP |

On August 10, 2009, Shawn R. Parr and the Parr Law Group ("Mr. Parr") filed a motion to withdraw as attorneys of record for Defendant Absolute Investment Group dba Palacio Mortgage ("Absolute Investment Group"). Mr. Parr brought his motion because Defendant Linda Tran is the sole person who can represent Absolute Investment Group, and Ms. Tran's bankruptcy counsel has instructed her not to discuss or execute documents in this matter.[1] Mr. Parr also noted that Absolute Investment Group has not paid outstanding legal bills for services rendered. Ms. Tran consents to Mr. Parr's withdrawal of counsel and has instructed Mr. Parr not to continue to work on behalf of Absolute Investment Group.

On August 14, 2009, Plaintiffs filed a statement of non-opposition to Mr. Parr's motion to withdraw but requested that this Court order Absolute Investment Group to find new counsel pursuant to Civil Local Rule 3-9(b), which provides that a "corporation,

---

[1] The parties agree that this case is stayed as to Defendant Tran based on her bankruptcy filing.

unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Plaintiffs correctly observed that if Absolute Investment Group cannot or does not find substitute counsel, then entry of default judgment against Absolute Investment Group would be proper. *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007).

Mr. Parr's motion is currently scheduled for hearing on September 14, 2009, along with a case management conference. It appears that no hearing is necessary in light of the facts of this case, including Plaintiffs' non-opposition and Ms. Tran's consent to the motion. Nonetheless, out of an abundance of caution, this Court will provide an opportunity for Mr. Parr, Ms. Tran, and Absolute Investment Group to respond to Plaintiffs' filing. Accordingly, IT IS HEREBY ORDERED that any reply to Mr. Parr's motion to withdraw and Plaintiffs' non-opposition thereto shall be filed on or before **August 24, 2009.** Mr. Parr shall ensure that Ms. Tran receives timely notice of this order.

If no reply is timely filed, then the Court will enter an order containing the following main points:

1. The September 14, 2009 motion hearing and case management conference are vacated.

2. Mr. Parr's motion to withdraw as counsel of record for Absolute Investment Group is granted.

3. Pursuant to Civil Local Rule 11-5(b), papers may continue to be served on Mr. Parr for forwarding purposes to Absolute Investment Group unless and until it obtains substitute counsel.

4. Absolute Investment Group shall have until October 30, 2009, to locate substitute counsel. If no counsel has filed an appearance on behalf of Absolute Investment Group by that date, then the answer previously filed on behalf of Absolute Investment Group shall be stricken and default judgment against Absolute Investment Group shall be entered.

5. The Court will issue a case management order following the October 30, 2009 deadline.

2

6. Mr. Parr shall serve a copy of the order granting the motion to withdraw on Absolute Investment Group by serving its sole representative, Ms. Tran.  He shall file proof of such service within one week of the entry of the order.

**IT IS SO ORDERED.**

Dated:   08/17/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3