IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAFAEL CACHO VEGA and
MIGUEL CACHO VEGA,

          Plaintiffs,

    v.

DOWNEY SAVINGS AND LOAN,
et al.,

          Defendants.

NO. C07-6304 TEH

ORDER GRANTING
PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT
AGAINST DEFENDANT
ABSOLUTE INVESTMENT
GROUP

      This matter came before the Court on February 1, 2010, on Plaintiffs' motion for default judgment against Defendant Absolute Investment Group dba Palacio Mortgage ("Absolute Investment Group"). No opposition to the motion was filed, and no one appeared at the hearing to oppose the motion. The Court posed several additional questions to Plaintiffs at the hearing and, pursuant to Plaintiffs' request, granted them until February 5, 2010, to file a supplemental brief. Plaintiffs filed a timely supplemental brief, which the Court has carefully considered in conjunction with the record in this case and governing law.

      With good cause appearing, IT IS HEREBY ORDERED that Plaintiffs' motion for default judgment against Defendant Absolute Investment Group is GRANTED as follows:

      1. Plaintiff Miguel Cacho Vega is awarded out-of-pocket damages in the sum of $114,442.44.

      2. Plaintiff Miguel Cacho Vega is awarded damages for emotional distress in the sum of $15,000.00.

      3. Plaintiff Miguel Cacho Vega is awarded punitive damages in the sum of $7,500.00.

      4. Plaintiff Rafael Cacho Vega is awarded damages for emotional distress in the sum of $15,000.00.

      5. Plaintiff Rafael Cacho Vega is awarded punitive damages in the sum of $7,500.00.

6. Defendant Absolute Investment Group is ordered, pursuant to California Business and Professions Code section 17200, to disgorge and return to Plaintiffs Rafael Cacho Vega and Miguel Cacho Vega the sum of $22,385.63, which represents funds Defendant received as a result of a fraudulent and illegal transaction made contrary to the provisions of California Civil Code section 1632 et seq. Defendant is also enjoined from negotiating or originating loans in Spanish, Chinese, Tagalog, Vietnamese, or Korean without providing written translation of the documents reflecting the terms of the negotiation or origination in the applicable foreign language as required by California Civil Code section 1632 et seq.

7. Plaintiffs are awarded costs of suit in the amount of $350.00.

IT IS FURTHER ORDERED that the Clerk shall enter judgment in accordance with this order and close the file. As to Defendants Pablo Curiel, with whom Plaintiffs reached a settlement with payment to occur over the next several months, and Linda Tran, against whom the case has been stayed pending bankruptcy proceedings, this is an administrative termination only. As the Court previously explained, such a termination is not "considered a dismissal or disposition of this action and, should further proceedings in this litigation become necessary or desirable, any party [will] be able to initiate it in the same manner as if the termination had not been entered." Aug. 26, 2009 Order at 2.

**IT IS SO ORDERED.**

Dated: 02/09/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT